IRVING, P.J.,
dissenting:
¶ 19. In this personal-injury case, the jury found that Wansley, who did not testify, was solely responsible for the injuries sustained by Brent as a result of a two-vehicle accident between Brent and Wans-ley. The facts áre simple. Wansley, without warning, pulled out from a parking lot into the southbound lanes of Hanging Moss Road in Jackson, Mississippi, and struck Brent’s vehicle as it was proceeding south on Hanging Moss Road.
¶ 20. The majority finds that the circuit court erred in not giving a comparative-negligence instruction. I disagree. I would affirm the judgment of the circuit court which, based on the jury’s verdict, awarded Brent $55,000 in damages.
¶ 21. The majority’s reasoning may be succinctly summarized as follows: Since the circuit court gave instructions which permitted the jury to find either party liable for the accident, it was error not to allow a comparative-negligence instruction because if a party could be solely responsible for the accident, it logically follows that that party could also be partly responsible. While this reasoning in the abstract may have merit, a vehicular accident does not occur in a vacuum. It occurs as a result of specific actions or omissions on the part of the vehicle’s operator. Whether a particular operator caused or partly caused an accident is a question of fact that must be determined by analyzing the operator’s actions or inactions in conjunction with applicable traffic rules and regulations, attendant to the specific circumstances on the ground. Furthermore, the law recognizes that there must be an evidentiary basis for granting jury instructions. Young v. Guild, 7 So.3d 251, 259 (¶ 23) (Miss.2009). They are never granted on the basis of some abstract theory or simply because another instruction may have been given, whether the other instruction was properly given or not.[1] There must be an evidentia-ry basis for each instruction.
¶ 22. As stated, the evidence is undisputed that Wansley pulled out of a parking lot into the flow of southbound traffic on *130 Hanging Moss Road. It is undisputed that the southbound traffic had the right-of-way. It is likewise undisputed that Wans-ley was attempting to make a left turn to travel north on Hanging Moss Road. To accomplish her purpose, it is undisputed that Wansley had to travel across the southbound lanes. The majority does not explain how Brent, who was proceeding south in one of the southbound lanes of Hanging Moss Road, could be guilty of contributory negligence. Brent testified that the accident occurred in the inside or left lane of the southbound lanes of Hanging Moss Road. At that point, there is no street intersection. The Save-a-Lot and Family Dollar parking lot is located to the right of the southbound lanes, and there is a driveway that allows traffic, from either direction on Hanging Moss Road, to enter the parking lot. The driveway intersects the outside or right southbound lane of Hanging Moss Road. Wansley proceeded from this driveway across the outside or right southbound lane and struck Brent’s car that was proceeding, according to Brent, in the inside or left southbound lane.
¶ 23. Wiggins testified that his eighteen wheeler was blocking both of the southbound lanes of traffic while he was waiting to turn into the parking lot of Save-a-Lot, and that Brent moved into the turning lane to go around his truck. However, this testimony changes nothing. There is absolutely no evidence in the record that Wansley ever saw Brent’s vehicle or Wiggins’s truck. As stated, Wansley did not testify. Therefore, despite the conflicting testimony of Brent and Wiggins, Wansley receives no benefit from it because there is no evidence in the record that she predicated her action — pulling out into the southbound lane of traffic — on the mistaken notion that Brent was going to remain behind Wiggins’s truck until Wansley cleared the driveway. Again, I repeat: Wansley did not testify; therefore, there is no evidence that her actions were influenced by what she perceived was going on in the southbound lanes when she pulled out.
¶ 24. It cannot be legitimately argued that Wiggins’s testimony provided a sufficient evidentiary basis for granting a comparative-negligence instruction. I know of no traffic law that requires a southbound motorist to remain behind a southbound vehicle that is attempting to execute a right turn, even if the turning vehicle is blocking a portion or all of the two southbound lanes. If the southbound motorist can safely go around the turning vehicle without impeding oncoming traffic, it may do so, even if it has to travel in a portion of a turning lane. Moreover, Wiggins’s truck could not have been blocking all of the inner southbound lane unless he was attempting to make the right turn from that lane instead of from the right lane, which would have been illegal. Further, assuming that Wiggins’s truck was blocking both of the southbound lanes, that fact would not have obviated Wansley’s obligation to yield the right-of-way to southbound traffic. “The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.” Miss.Code Ann. § 63-3-807 (Rev.2004). It is undisputed that Brent was traveling southbound and approaching the private driveway when Wansley pulled into Hanging Moss Road. Wansley may have thought that Wiggins’s truck was blocking all of the southbound traffic and that she could safely pull out into Hanging Moss Road. However, she acted at her peril, as her obligation to yield the right-of-way was unaffected by what Wiggins did.
¶ 25. It necessarily follows that there was no evidentiary basis for giving a comparative-negligence instruction, as there is *131 no evidence that Brent’s action contributed to the accident even if she did move into the turning lane to proceed around Wiggins’s truck. Her actions could not have contributed to the accident unless she did something that caused Wansley to proceed into the southbound lanes at a time when Wansley would not have done so but for Brent’s action. There is absolutely no evidence to support such a theory. For the reasons presented, I dissent. I would affirm the judgment of the circuit court that awarded Brent $55,000 in damages for Wansley’s sole negligence in causing the accident.
CARLTON, J., JOINS THIS OPINION.

. Indeed there was no evidentiary basis for granting the negligence instruction against Brent. It is clear that Brent's counsel recognized as much. Nevertheless, in order to move the proceedings along, he reluctantly agreed to allow the instruction to be given. However, that does not mean that the circuit court was then obligated to give another improper instruction.